UNITED STATES DISTRICT COURT-
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v. 1:22-CR-0277 (GTS)

KRISTEN BLAIR HILTUNEN,

Defendant.

---

APPEARENCES: OF COUNSEL:

OFFICE OF THE UNITED STATES ATTORNEY
NORTHERN DISTRICT OF NEW YORK
Counsel for the Government
445 Broadway, Room 218
Albany, NY 12207

PAUL DEROHANNESIAN, ESQ.
Assistant United States Attorney

HON. ERIC K. SCHILLINGER
Federal Public Defender for the N.D.N.Y.
Counsel for the Defendant
4 Clinton Square, 3rd Floor
Syracuse, New York 13202

PETER SAHASRABUDHE, ESQ.

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

On June 22, 2026, the United States Court of Appeals for the Second Circuit issued a Mandate remanding for resentencing with respect to the conditions of supervised release imposed upon Defendant as part of her sentence. Resentencing was thereafter scheduled for December 8, 2026, however, Defendant has since voluntarily and knowingly waived her right to be present at resentencing and stipulates to the proposed conditions of release.

In consideration of this mandate, the Court removes special condition number 10, which reads "While in treatment and for the remainder of the term of supervision following completion of treatment, you must not view, possess, own, subscribe to or purchase any material, including

pictures, videotapes, films, magazines, books, telephone services, electronic media, computer programs, or computer services that depict sexually explicit conduct, as defined in 18 U.S.C. § 2256(2). This prohibition will only be lifted, if and when, a post-release psychosexual evaluation offers an opinion by the treatment provider that it is acceptable for you to view adult pornography." The Court finds that there is not sufficient justification for the imposition of this condition.

The Court further removes special condition number 8, which reads "You must not use or possess any computer, data storage device, or internet capable device unless you participate in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or the U.S. Probation Office. If placed in the CIMP, you must comply with all of the rules of the program and pay the costs associated with the program. The U.S. Probation Office may use and/or install any hardware or software system that is needed to monitor your use of a computer or internet capable device. You must permit the U.S. Probation Office to conduct periodic, unannounced examinations of any computer equipment, including any data storage device, and internet capable device you use or possess. This equipment may be removed by the U.S. Probation Office or their designee for a more thorough examination. You may be limited to possessing one personal internet capable device to facilitate the U.S. Probation Office's ability to effectively monitor your internet related activities." In place of this removed condition, the Court imposes the following special condition, which is consistent with *United States v. Kunz*, 68 F.4th 748, 767-68 (2d Cir. 2023): "You must not use or possess any computer, cell phone, data storage device, cloud storage, or any other internet-capable device (computer equipment) unless you participate in the Internet and Computer Monitoring Program (ICMP). When placed in the ICMP, you must comply with all rules of the program and pay any costs associated with the

program. The U.S. Probation Office may use and/or install any hardware or software system that is needed to monitor your use of computer equipment. You must permit the U.S. Probation Office to conduct periodic, unannounced examinations of any computer equipment you use or possess. This equipment may be removed by the U.S. Probation Office or their designee for a more thorough examination. You must provide any usernames, pin codes, passwords or other credentials used to access any devices or cloud storage you use or possess. Your internet use may be limited and/or restricted in accordance with the ICMP based upon any evaluation of your risk and needs, along with consideration of the factors outlined in 18 U.S.C. § 3553(a). Failure to abide by the rules of the ICMP may result in immediate adverse action, to include, but not limited to, revocation of supervision." This condition is warranted based upon the nature of the instant offense and conduct, which was facilitated by the use of an electronic device, and participation in the ICMP is the least restrictive condition necessary, in lieu of a complete internet ban, to protect the public from further crimes of the Defendant.

Additionally, the Court removes standard conditions number 14 and 15 and instead adds those as special conditions. Special condition number 13 (previously standard condition number 14) reads a follows: "You must provide the probation officer with access to any requested financial information." This condition is warranted in order to properly assess Defendant's contribution to her treatment costs.

Special condition number 14 (previously standard condition number 15) reads as follows: "You must submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable

suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination." This condition is warranted based on the nature of the instant offense and conduct, which involved the Defendant's sexual exploitation of a minor and her receipt of child sexual abuse material from that minor, conduct that was facilitated by the use of an electronic device and is also inherently secretive in nature.

All other terms of the original Judgment remain the same.

**ACCORDINGLY**, it is

**ORDERED** that defendant's waiver of appearance at resentencing is approved; and it is further

**ORDERED** that

(A) Special condition number 10 is removed;

(B) Special condition number 8 is removed and replaced with the special condition noted above;

(C) Standard conditions number 14 and 15 are removed and reimposed as special conditions.

Dated: November 23, 2026
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge